GRUEBEL, Respondent, v. THE WABASH RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, December 13, 1904.

CONTRIBUTORY NEGLIGENCE: Child. Where a child eight years of age, in attempting to pass over a railroad crossing with three parallel tracks, saw a train approaching from one direction, became confused, ran back and forth and stepped in front of a train approaching from the other direction, at an excessive rate of speed and without warning, and was injured, she was not guilty of contributory negligence as a matter of law which precluded a recovery for the injuries received.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Blevins*, Judge.

AFFIRMED.

*George S. Grover* and *Henry W. Blodgett* for appellant.

(1) Persons entering upon railroad crossings must exercise ordinary care for their safety, and when injured through the concurring negligence of themselves and railroad company there can be no recovery. Jones v. Barnard, 63 Mo. App. 501; Butts v. Railroad, 98 Mo. 272, 11 S. W. 754; Fanning v. Transit Co., 103 Mo. App. 151, 78 S. W. 72. (2) One who is about to cross railroad tracks at public crossing must look and listen for approaching trains, and omission of either bars a recovery. Boyd v. Railroad, 105 Mo. 371, 16 S. W. 909. (3) A plaintiff will not be heard to say that he looked and listened and failed to see or hear when the physical fact is that if he had he would have both seen and heard. Hook v. Railroad, 162 Mo. 569, 63 S. W. 360. (4) Where plaintiff could have seen and heard the approaching train if he had looked and listened, and stepped in front of train and was almost immediately struck, there can not be a recovery. Yancey v. Railroad, 93 Mo. 433, 6 S. W. 272. The violation by the defendant of the ordinance to give certain warnings upon approaching crossings does not relieve plaintiff from his duty to exercise ordinary care. Baker v. Railroad, 122 Mo. 533, 26 S. W. 20; Drake v. Railroad, 51 Mo. App. 562. (5) An engineer does not owe person on track any duty to stop the train to avoid striking him until person has assumed position of peril.

*Ernest E. Wood* for respondent.

(1) The question of the contributory negligence of the plaintiff, if any, was one for the jury which it has decided. (a) Where the plaintiff is a child the question of his or her contributory negligence is always a question for the jury under the facts of each particular case. The court can not say as a matter of law

that a child is guilty of such negligence as to bar recovery. Burger v. Railway, 112 Mo. 249, 20 S. W. 439; Blümby v. Birge, 124 Mass. 57; Railway v. Young, 81 Ga. 416; Thompson v. Railroad, 93 Mo. App. 548, 67 S. W. 693. (b) Even if plaintiff was a grown person under the facts of this particular case, she would have a right to recover. Keim v. R. and Trans. Co., 90 Mo. 314, 2 S. W. 427; Lloyd v. Railway, 128 Mo. 595, 29 S. W. 153, 31 S. W. 110. (2) Where a person is thrown in sudden peril he or she is not guilty of negligence, even though he or she fail to act as a person should if given due time to reflect. Kleiber v. Railway, 107 Mo. 240, 17 S. W. 946; McPeak v. Railway, 128 Mo. 617, 30 S. W. 170; Siegrist v. Arnat, 10 Mo. App. 197; Dickson v. Railway, 120 Mo. 140; Ephland v. Railway, 57 Mo. App. 147; Dutzi v. Geisel, 23 Mo. App. 676.

GOODE, J.—When this plaintiff was a child eight years old she was run down by one of the defendant's engines at the crossing of Second street and Prairie avenue in the city of St. Louis. The results were a wound on the left knee, fracture of the finger bone, fracture of the skull near the base, concussion of the brain and partial insanity of the child. At the street crossing where the accident happened three railway tracks of the defendant ran parallel to each other and across Prairie avenue. That thoroughfare was in considerable use by the public and a watchman was kept at the crossing during the daytime, if not at other hours, as to which the evidence is uncertain; but he was not on guard when the accident happened, at half past six o'clock, September 4, 1903.

Negligence is charged against the defendant for the engineer's failure to keep vigilant watch or to ring the bell or give other warning of the approach of the engine, or to stop at the first appearance of danger or before striking the child, running at an unlawful speed and in that the defendant had no gate or guard at

the crossing.  The victim, Emma Gruebel, lived on Gano street not far away, and was a student at a kindergarten school.  On the evening in question she was sent on an errand by her family and to accomplish it had to cross the Wabash tracks at the street intersection mentioned.*  According to the testimony of the only eyewitness to all the facts, the child, after proceeding westward along the north side of Prairie avenue until she got to the railway tracks, went on the east track on which a passenger train, northbound, was approaching, her attention being distracted by a train or engine which was coming toward her on another track from the opposite direction.  The child, in her fright and confusion, ran back and forth on the tracks without observing the engine which struck her, stepped in front of it and was run over.  There was testimony to establish the alleged failure to sound the bell or whistle, and to show that the engine which inflicted the injury was running at a speed of twenty-five or thirty miles an hour.  It did not stop at all after the accident; but the other engine stopped about opposite where it occurred. .

From a verdict for the plaintiff this appeal was taken.

The contention is advanced that, as the eyewitness to the accident swore the plaintiff stepped immediately in front of the locomotive when she could have seen it half a block or more away had she looked, she contributed to her injury by her own negligence and should be denied relief. We recently discussed this question of the responsibility of a minor for alleged negligent conduct contributing to an accident, in Fry v. Transit Co., 85 S. W. 960.  In that opinion we held that the appellate decisions of this State make the defense of contributory negligence in cases like this, one for the jury, except, in extreme instances, where the evidence is so clear that it can be pronounced that the minor was or was not negligent as a matter of law.  This is no such

case. While plaintiff's attention was directed to a locomotive which threatened her, the passenger train bore down on her. When she discovered that her position on the tracks was fraught with peril, she became flurried and uncertain what to do. To condemn the attempts she made, in her confusion, to save herself, as plainly less than the law required, simply because she failed to look both ways along each track before stepping on it, is out of the question. The duty to look or listen before going on a railway track is a qualified one, and the rule of law to enforce that duty can not be applied universally and without regard to the situation of the injured party. If a grown person was injured while surrounded by the conditions in which the plaintiff found herself, it is doubtful if the question of such person's contributory negligence would be for the court. It looks to us like fair-minded men could honestly deduce the inference that no contributory negligence existed. Considering the tender years of this plaintiff, the argument that she should be nonsuited on the ground that no conclusion was possible except that she negligently contributed to her injury, is meritless. The defendant's engineer in charge of the locomotive which did the mischief was shown by the uncontradicted testimony to have been guilty of gross negligence, both in the speed of his engine and in omitting to give warning as it drew near the crossing. These were the only two grounds of recovery submitted in the instructions for the plaintiff. The instructions granted on the request of the defendant were numerous and favorable, covering all phases of the defense.

In our opinion the case was well tried and the judgment fully justified by the testimony. It is therefore, affirmed. All concur.